This is an action for the enforcement of a contract and an accounting under it.
At the hearing an agreement admittedly signed by the defendant Leonard Zazzarino was produced. It is dated the 23d day of July, 1927. It is admitted that Zazzarino was a minor and did not become of age until the 29th day of October, 1928. Complainant insists that the agreement was ratified after Zazzarino reached his majority. The general law as to ratification in matters of infants' contracts is stated in 14 Ruling Case Law p. 248 ¶27, as follows:
"All that is required is that the former infant should have, freely and without duress, decided to let the contract stand, and have manifested that election by some definite act."
Also 14 Ruling Case Law p. 247 ¶ 26:
"Ratification, like avoidance, is a right personal to the infant; or, to speak more precisely, the right of electing whether to ratify or avoid is personal to the infant; and can be exercised only by the infant himself."
The only testimony of ratification is that of the complainant. His testimony is contradicted by defendants and by disinterested witnesses called by the defendants, but the dealings with defendant to which complainant testified, do not even in themselves, in my opinion, indicate a ratification. Complainant says that his duties as manager for Zazzarino were performed by the other defendant, Rocco Buffano, but he states a verbal contract was made between him and Buffano whereby Buffano was to take one-half of the profits and do all the work. He further admits that under this verbal contract he received nothing. Buffano denies that such a verbal agreement ever existed. There is no corroboration that there ever was such a contract.
I have considered the testimony carefully and I cannot see that complainant has sustained the burden of proof in showing that Zazzarino ratified the written contract after *Page 453 
reaching the age of twenty-one. Moreover, the second paragraph of the contract provides that complainant was to pay to Zazzarino not less than $1,000 a year during the term of the contract. He does not attempt to say that he paid Zazzarino anything. It would seem, therefore, that there was non-performance on the part of the complainant and that he has no right in such a situation to demand performance on the part of defendant.
Thirdly, the question of laches should be considered. Complainant waited from August, 1929, until the present time without attempting to enforce his claims. He says the written contract was lost, but that, it seems to me, is no excuse even if it were true, for such apparent laches. If it were true, why was the contract produced at the hearing?
I shall, therefore, find that the complainant has not substantiated the claims in his bill, and will advise a decree dismissing the bill with reasonable costs and counsel fees.